**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 12-cv-00173-REB-BNB

NANCY L. ANDERSON,

    Plaintiff,

v.

BOARD OF TRUSTEES, ADAMS STATE UNIVERSITY,

    Defendant.

---

**ORDER**

---

**Blackburn, J.**

The matter before is **Defendant's Motion for Summary Judgment** [#14],[1] filed November 9, 2012. I grant the motion for in part and deny it in part.[2]

**I. JURISDICTION**

I have jurisdiction over this matter under 28 U.S.C. §1331 (federal question).

**II. STANDARD OF REVIEW**

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED. R. CIV. P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

---

[1] "[#14]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P.** 56(c) and (d). *Geear v. Boulder Community Hospital,* 844 F.2d 764, 766 (10th Cir.) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties), *cert. denied*, 109 S.Ct. 312 (1988).

(1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Id***. at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

The facts of this case are well known to the parties and need not be repeated at length here. Plaintiff was employed by Adams State College (now Adams State University) as an Assistant Professor of Art from the fall of 2005 through the spring of 2009. Plaintiff's employment was probationary, and her contract was subject to annual

renewal until such time as she was granted tenure.

Plaintiff became eligible for promotion to Associate Professor and tenure in the fall of 2008. On December 5, 2008, the committee responsible for recommending candidates unanimously voted not to recommend plaintiff for promotion or tenure. The Associate Provost for Academic Affairs and Provost agreed with the recommendation.

On February 17, 2009, plaintiff brought complaints of gender and age discrimination to the university's Office of Equal Opportunity ("OEO") in connection with the recommendation to deny her promotion and tenure. After learning of plaintiff's complaints, the university's president notified her that he would not make a final determination on her application for tenure until after the OEO investigation had been completed.

Nevertheless, plaintiff began making arrangements to relocate to Chicago in May of 2009. She was notified in June that faculty contracts for the upcoming 2009-2010 school year would be sent out in mid-July, but she did not receive her annual contract until early August. By that time, plaintiff already had undertaken substantial preparations to move out of state. She maintains that she was constructively discharged and filed this lawsuit, alleging claims of gender and gender-plus-age discrimination and retaliation. Defendant now seeks summary judgment as to all these claims.

In her response to the motion for summary judgment, plaintiff confesses that she has no evidence to support her gender-plus-age discrimination claim. I therefore grant defendant's motion as to that claim.

In addition, I find that summary judgment is appropriate as to plaintiff's claim for

3

retaliation.  To prove a prima facie claim of retaliation under Title VII, "plaintiff must demonstrate (1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."  ***Argo v. Blue Cross and Blue Shield of Kansas, Inc.***, 452 F.3d 1193, 1202 (10th Cir. 2006) (footnote omitted).  Plaintiff claims here that she was constructively discharged in retaliation for her 2009 complaints regarding the recommendation that she be denied promotion and tenure.[3]  However, she has failed to proffer facts sufficient to suggest a causal connection between these complaints and any adverse employment action.

Plaintiff filed a complaint with the OEO on February 16, 2009.  Assuming *arguendo* that plaintiff was constructively discharged,[4] the earliest date at which her termination could be fixed is May 29, 2009, the end of the 2009 school year, more than three and a half months later.  Although not dispositive, such temporal distance makes it that much more difficult for plaintiff to establish the requisite causal connection.  ***See Clark County School District v. Breeden***, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (temporal proximity between opposition and adverse action must be "very close" to warrant a conclusion of causality); ***Richmond v. ONEOK, Inc.***,

---

[3] In 2006, plaintiff lodged complaints with her department regarding a colleague's allegedly gender-biased behavior, but she does not rely on these complaints in support of her retaliation claim. Moreover, as noted herein, these complaints are far too remote in time to support any inference of retaliatory motive on their own.

[4] Plaintiff does not suggest that the tenure recommendation itself is an adverse employment action for purposes of her retaliation claim.  Nor could she, as that decision predated plaintiff's complaints. ***See McDonald-Cuba v. Santa Fe Protective Services, Inc.***, 644 F.3d 1096, 1101-02 (10th Cir. 2011).

120 F.3d 205, 209 (10th Cir. 1997) (lapse of three months insufficient by itself to support inference of retaliatory motive).[5]

Nor has plaintiff identified any other facts or considerations that might buttress an inference of retaliatory motive. *See Connor v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997); *Hysten v. Burlington Northern Santa Fe Railway Co.*, 372 F.Supp.2d 1246, 1254 (D. Kan. 2005).  Plaintiff argues that she had been given neither a contract nor a definitive date for the culmination of the OEO investigation, but presents no evidence suggesting that these delays were motivated by retaliatory animus.  *Cf. Hysten*, 372 F.Supp.2d at 1254 (evidence sufficient to create genuine issue of fact as to causation where investigation that led to plaintiff's termination instigated immediately after plaintiff reported job-related injury, and was presided over by person to whom plaintiff reported injury).  Because there is no other evidence to support an inference of causation, summary judgment as to this claim is proper as well.

However, with respect to plaintiff's claim of gender discrimination under Title VII, having reviewed the motion and response and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not appropriate for summary resolution.  Thus the motion for

---

[5] Of course, a lack of temporal proximity may not attenuate an inference of retaliatory motive when a plaintiff can establish a pattern of retaliatory conduct that began soon after her complaints and only ultimately culminated in an adverse employment action. *See Meiners v. University of Kansas*, 359 F.3d 1222, 1231-32 (10th Cir. 2004); *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir.), *cert. denied*, 116 S.Ct. 2552 (1996).  However, plaintiff has presented neither argument nor evidence to substantiate such a theory of retaliation in this case.

summary judgment as to that claim must be denied.[6]

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant's Motion for Summary Judgment** [#14], filed November 9, 2012, is **GRANTED IN PART** and **DENIED IN PART**;

2. That the motion is **GRANTED** with respect to plaintiff's Second Claim for Relief (Title VII – Retaliation) and Third Claim for Relief (Title VII – Compound Discrimination – Gender and Age), and those claims are **DISMISSED WITH PREJUDICE**;

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, Board of Trustees, Adams State University, and against plaintiff, Nancy L. Anderson, as to plaintiff's Second Claim for Relief (Title VII – Retaliation) and Third Claim for Relief (Title VII – Compound Discrimination – Gender and Age);

---

[6] Despite my determination in this regard, I nevertheless note that the evidence in support of plaintiff's constructive discharge theory is exceedingly thin. The standard for demonstrating a constructive discharge is demanding:

> The plaintiff's burden in a constructive discharge case is substantial and showing that the employer's conduct meets the definition of "tangible employment action" or "adverse employment action" is not necessarily sufficient to establish a constructive discharge because a constructive discharge requires a showing that the working conditions imposed by the employer are not only tangible or adverse, but intolerable.

***E.E.O.C. v. PVNF, L.L.C.***, 487 F.3d 790, 805 (10th Cir. 2007) (citation and internal quotation marks omitted). The fact that plaintiff undertook substantial measures to relocate and find a new job before she even learned of the outcome of her OEO complaint or defendant's ultimate tenure decision makes it highly unlikely that she can meet this threshold. ***See id***. at 806; ***Garrett v. Hewlett-Packard Co.***, 305 F.3d 1210, 1221-22 (10th Cir. 2002). Nevertheless, because the evidence is sufficient – although just – to raise an issue of fact as to whether awaiting these outcomes would have been a "fruitless exercise," ***see Bragg v. Office of the District Attorney, Thirteenth Judicial District***, 704 F.Supp.2d 1032, 1061 (D. Colo. 2009), summary judgment is not appropriate. Of course, the issue may be revisited at mid-trial if appropriate in light of the evidence presented.

4. That the motion is **DENIED** with respect to plaintiff's First Claim for Relief (Title VII – Title VII Gender Discrimination);

5. That in all other respects, the motion is **DENIED**; and

6. That the **Final Pretrial Order** [#29] filed January 15, 2013, is **MODIFIED** to reflect that only plaintiff's First Claim for Relief (Title VII – Title VII Gender Discrimination) remains for trial, *see* Final Pretrial Order at 3, ¶ 3.a.2.a.

Dated January 16, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge